# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ANN NASH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. 12-CV-02781-GPC (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 11, 13] |

## INTRODUCTION

On November 16, 2012, Plaintiff filed this action pursuant to Section 405 of the Social Security Act ("Act"). (Compl., Dkt. No. 1); 42 U.S.C. § 1383(c). Plaintiff seeks judicial review of the Commissioner of Social Security Administration's[1] ("Commissioner's") final decision denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Act. (Compl., Dkt. No. 1.) The matter before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Ruben B. Brooks recommending that Plaintiff's Motion for Summary Judgment (Dkt. No. 11) be granted and Defendant's Cross-Motion for Summary Judgment (Dkt. No. 13) be denied. (Dkt. No. 17.) After careful consideration of the

---

[1] Defendant's Motion indicates that Carolyn W. Colvin has replaced Astrue as the Acting Commissioner of Social Security. Colvin is therefore substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report in its entirety. It is further ordered that this action be remanded to the Social Security Administration for further consideration consistent with this opinion.

## BACKGROUND[2]

On January 8, 2009, Plaintiff filed an application for SSI benefits with the Commissioner, alleging disability beginning on June 25, 1997, due to Meniere's disease, depression, anxiety disorder, vertigo, and back and neck problems. (Administrative Record ("A.R.") 26, 263, Dkt. No. 9.) Plaintiff's claim was denied at the initial level and again upon reconsideration. (Id. at 126-30, 131-35, 136-40.) On July 2, 2010, Plaintiff appeared with counsel and testified before Administrative Law Judge ("ALJ") Eve Godfrey. (Id. at 47.) On July 30, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(I), 223(d), and 1614(a)(3)(A) of the Act. (Id. at 26-38.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for a review of the decision on September 26, 2012. (Id. at 1-7.)

On November 16, 2012, Plaintiff commenced the instant action seeking judicial review of Defendant's decision. (Compl., Dkt. No. 1). On March 25, 2013, Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 11.) On April 19, 2013, Defendant filed a Cross-Motion for Summary Judgment. (Dkt. No. 13.) On January 24, 2014, the Magistrate Judge issued a Report recommending that Plaintiff's Motion for Summary Judgment be granted, Defendant's Cross-Motion for Summary Judgment be denied, and that the case be remanded for an award of benefits. (Dkt. No. 17.) The docket reflects that no objections to the Report have been filed by either party by the February 10, 2014 deadline. (See id.)

---

[2] The underlying facts set forth in the Report are adopted *in toto* and referenced as if fully set forth herein. This Court provides only a brief procedural background.

# DISCUSSION

## I. Legal Standard

The district court's duties in connection with a Report of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report to which neither party objects. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); U.S. v. Reyna-Tapia, 328 F.3d 114, 1121-22 (9th Cir. 2003) (en banc). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as reasonable to support a conclusion. Id. The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

/ / / /

/ / / /

## II. Analysis

The Court received no objections to the Report and no requests for an extension of time to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. See Campbell, 501 F.2d at 206. The Court has conducted an independent review of the Report and all relevant papers submitted by both parties, and finds that the Report provides a cogent analysis of the claims presented in Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.

### A. The ALJ's Rejection of Medical Expert Opinion in Determining that Plaintiff's Condition does not Meet Listing 12.03 Criteria constituted Error.

After reviewing the Report, the administrative record, and the submissions of the parties, the Court finds that the Magistrate Judge correctly determined that the ALJ's determination at Step 3 of the Sequential Evaluation Process (A.R., Dkt. No. 9 at 29-30) was deficient because the ALJ's decision "does not articulate adequate reasons supported by substantial evidence for rejecting the opinion of the impartial medical expert." (Report, Dkt. No. 17 at 29) (citing Davis v. Astrue, 444 F. App'x 151, 152 (9th Cir. 2011)). At Step 3 of the instant case, the ALJ rejected the testimony and opinion of medical expert, Dr. Jonas, that Plaintiff's psychiatric condition meets the criteria of listing 12.03. (Report, Dkt. No. 17 at 26.) The ALJ "may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). The Magistrate Judge noted the ALJ's stated rationale for rejecting Dr. Jonas's opinion was "Plaintiff's self-assessment of her condition," (Report, Dkt. No. 17 at 26), despite the fact that Plaintiff's beliefs regarding her ability to work were less optimistic than the ALJ described. (Id. at 29.) The ALJ also rejected Dr. Jonas's testimony based on the expert's disagreement with Plaintiff's treating physician, who had "assessed [Plaintiff's] social functioning at unimpaired." (A.R., Dkt. No. 9 at 34.) The Magistrate Judge noted, however, that this was factually inaccurate, because Plaintiff's treating

physician had "opined that her symptoms caused 'clinically important distress, impairing work, social and personal functioning,' and found Plaintiff markedly limited in her ability to work with others without being distracted by them." (Report, Dkt. No. 17 at 27-28.) The Magistrate Judge correctly found that the ALJ's rejection of the impartial medical expert's opinion was not supported by substantial evidence. (Id. at 29.)

**B. The ALJ Erred in Rejecting the Functional Capacity Opinions of the Consultative and Treating Psychiatrists.**

The Magistrate Judge correctly concluded that the ALJ's Residual Functional Capacity ("RFC") determination at Step 4 is deficient as a result of the ALJ's rejecting the functional capacity opinions of consultive psychiatrist Dr. Glassman and treating psychiatrist Dr. Rodarte. (Report, Dkt. No. 17 at 29.) The opinion of an examining doctor, if contradicted by another doctor, may be rejected only for "specific and legitimate" reasons supported by substantial evidence in the record. Andrews v. Shalala, 53 F.3d at 1043; Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ's sole stated rationale for rejecting examining doctor Dr. Glassman's functional capacity opinion was that "the consultative psychiatric evaluation was performed on March 21, 2009, which was before [Plaintiff] was stabilized on Lithium; therefore, less weight can be given to the opinion of Dr. Glassman, the consultative psychiatrist, than he would ordinarily merit." (A.R., Dkt. No. 9 at 34.) The Magistrate Judge correctly concluded that the ALJ "overstated Plaintiff's positive response to treatment and understated the evidence that [Plaintiff] continued to exhibit symptoms of a mental impairment despite compliance with her medication, [and t]hus, to the extent Dr. Glassman's opinion was given less weight based on the assertion that Nash stabilized on lithium, that conclusion is not supported by the record." (Report, Dkt. No. 17 at 35.)

Generally, a treating physician's opinion must be accorded controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case

record...." 20 C.F.R. § 404.1527(c)(2). "If the treating physician's opinion is not given controlling weight, the following factors are applied in determining what weight to give the opinion: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treating relationship, (3) the relevant evidence supporting the opinion, (4) the consistency of the opinion with the record as a whole, (5) the specialization of the treating physician, and (6) any other factors brought to the attention of the ALJ which tend to support or contradict the opinion. (Report, Dk. No. 17 at 30) (citing 20 C.F.R. § 404.1527(c)(2)(I)-(ii), (c)(3)-(6))." If the treating physician's opinion is contradicted, "[t]he ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (quoting Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)). The Magistrate Judge stated that the "ALJ's conclusion that Dr. Rodarte's opinion should be given less weight oversimplifies and discounts the value of the longitudinal history provided by the totality of the treatment records," and found that "the medical evidence, including the opinion of the evaluating psychiatrist Dr. Glassman and the medical expert Dr. Jonas, amply support Dr. Rodarte's opinion." (Report, Dkt. No. 17 at 40.) The Magistrate Judge correctly concluded that it constituted error for the "ALJ...to assign less weight to Dr. Rodarte's opinion [without] legitimate and specific reasons supported by the record." (Id.)

**C. In determining Plaintiff's Residual Functional Capacity, the ALJ Failed to Provide Clear & Convincing Reasons for Finding Plaintiff's Testimony Not Credible.**

The Magistrate Judge correctly concluded that the ALJ's Residual Functional Capacity ("RFC") determination at Step 4 is further deficient as a result of the ALJ's failure to provide clear and convincing reasons for finding Plaintiff's testimony not credible. (Report, Dkt. No. 17 at 55.) To support a finding that the plaintiff was not credible, the ALJ must "'point to specific facts in the record which demonstrate that

1 [the plaintiff] is in less pain than she claims.'" <u>Vasquez v. Astrue</u>, 572 F.3d 586, 592 (9th Cir. 2009) (quoting <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993)). The ALJ must make specific findings "stat[ing] which pain testimony is not credible and what evidence suggests the complaints are not credible." <u>Dodrill</u>, 12 F.3d at 918. The Court must determine whether the ALJ provided clear and convincing reasons for the adverse credibility finding that are supported by the evidence in the record. See <u>Reddick v. Chater</u>, 157 F.3d at 722 (quoting <u>Lester v. Chater</u>, 81 F.3d at 834). The Magistrate Judge found that the ALJ's proffered reasons for the adverse credibility finding were insufficient and "not supported by the record." (Record, Dkt. No. 17 at 49.) The Magistrate Judge properly determined that the ALJ "failed to provide clear and convincing reasons for finding Plaintiff's testimony not credible," which constitutes legal error. (<u>Id.</u> at 55.)

**D. Remand for Award of Benefits.**

The Magistrate Judge accurately concluded that a remand for an award of benefits is proper here. (Record, Dkt. No. 17 at 57.) The Ninth Circuit has stated that:

> [T]he district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

<u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004) (citing <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000)). The Magistrate Judge properly concluded that the "ALJ did not provide legally sufficient reasons for rejecting" the psychiatrists' opinions, and that "it is clear from the record that the ALJ would be required to find Plaintiff disabled if she had properly credited" their opinions. (Report, Dkt. No. 17 at 56.) The ALJ therefore correctly determined that "a remand for an award of benefits is proper." (<u>Id.</u> at 57.)

//

//

## **CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the Magistrate Judge presented in the Report and Recommendation are **ADOPTED** in their entirety;

2. Plaintiff's Motion for Summary Judgment is **GRANTED**; and

3. Defendant's Cross-Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that this action be remanded to the Commissioner of the Social Security Administration for an award of benefits consistent with this opinion. The Clerk of Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 25, 2014

HON. GONZALO P. CURIEL
United States District Judge