1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10   TERRY ANN NASH,                        CASE NO. 12cv2781 GPC (RBB)

11                            Plaintiff,    **ORDER GRANTING PLAINTIFF'S
                                            MOTION TO AMEND ORDER**
12        vs.                               **GRANTING PLAINTIFF'S
                                            MOTION FOR SUMMARY**
13                                          **JUDGMENT PURSUANT TO FRCP
                                            60(a)**
14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15                                          (ECF NO. 22.)
                             Defendant.
16

17        This matter comes before the Court on Terry Ann Nash's ("Plaintiff") unopposed

18   Motion to Amend Order Granting Plaintiff's Motion for Summary Judgment.  (ECF

19   No. 22, "Motion to Amend").  Plaintiff requests this Court to amend the Order Granting

20   Plaintiff's Motion for Summary Judgment and Denying Defendant's Cross-Motion for

21   Summary Judgment entered on March 25, 2014.  (ECF No. 18, "March 25th Order").

22   As the error committed by the Court is a clerical oversight within the scope of Federal

23   Rule of Civil Procedure 60(a), Plaintiff's motion is **GRANTED**.

24                               **I.  BACKGROUND**

25        On March 25, 2014, this Court issued an Order Granting Plaintiff's Motion for

26   Summary Judgment and Denying Defendant's Cross-Motion for Summary Judgment

27   by Adopting the Report and Recommendation ("Report") filed by United States

28   Magistrate Judge Ruben B. Brooks ("Magistrate Judge").  (ECF No. 18.)  The

Magistrate Judge's Report was based on Plaintiff's applications for disability insurance benefits and supplemental income under Titles II and XVI of the Social Security Act ("Act").  (ECF No. 17 at 2.)  This Court fully considered Plaintiff's applications under both Title II and Title XVI of the Act in adopting the Magistrate Judge's Report in its entirety.  (ECF No. 18 at 8.)  Plaintiff now seeks an amendment of the March 25th Order to reflect Plaintiff's application for both Supplemental Security Income ("SSI") under Title XVI of the Act and Disability Insurance benefits under Title II of the Act as a clerical error or the Court pursuant to Federal Rule of Civil Procedure 60(a).  (ECF No. 22 at 4.)

## II. DISCUSSION

Rule 60(a) provides in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a).  "A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision."  Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990) (citing Jones & Guerrero Co. v. Sealift Pacific, 650 F.2d 1072, 1074 (9th Cir.1981)).

The Court's original intention in its March 25th Order was to grant Plaintiff's Motion for Summary Judgment in the action commenced by Plaintiff to seek review of the denial of Plaintiff's application for SSI under Title XVI and Disability Insurance benefits under Title II of the Act.  Correcting the March 25th Order to reflect this intention is within the purview of Rule 60(a).  See Garamendi v. Henin, 683 F.3d 1069, 1079-81 (9th Cir. 2012) (concluding Rule 60(a) "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." (internal quotations omitted)).  Correcting the Court's previous omission of "Disability Insurance benefits under Title II of the Act" in the March 25th Order is in no way an intention of the Court to change its mind

regarding its previous determination.  <u>See</u> <u>Blanton v. Anzalone</u>, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (finding that "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." (emphasis in the original)).  Indeed, the Court stated in the conclusion of the March 25th Order that "[t]he findings and conclusions of the Magistrate Judge presented in the Report and Recommendation are ADOPTED in their entirety." (ECF No. 18 at 8.) The Court finds Plaintiff has correctly identified the only instance in the Court's March 25th Order in which Plaintiff's application is misrepresented.  Therefore, the Court **GRANTS** Plaintiff's Motion to Amend under Rule 60(a) as it would memorialize the Court's original intent.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend pursuant to Rule 60(a) is **GRANTED**.  The Court's March 25th Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Cross-Motion for Summary Judgment is hereby deemed to apply to Plaintiff's application for: (1) SSI under Title XVI of the Act; and (2) disability insurance benefits under Title II of the Act.

The motion hearing set to hear this matter on Friday, September 19, 2014 at 1:30 p.m. is hereby VACATED.

**IT IS SO ORDERED.**

DATED:  September 9, 2014

HON. GONZALO P. CURIEL
United States District Judge

12cv2781 GPC (RBB)