UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ANN NASH,<br><br>                    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 12cv2781-GPC-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES PURSUANT TO THE SOCIAL SECURITY ACT, 42 U.S.C. § 406(b);**<br><br>**(2) VACATING HEARING DATE**<br><br>[Dkt. No. 24.] |

**I. INTRODUCTION**

Before the Court is plaintiff Terry Ann Nash's ("Plaintiff") Motion for Approval of Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b), seeking an award of $17,835.75. (Dkt. No. 24.) Defendant Commissioner of Social Security ("Defendant") filed a responsive brief taking no position on Plaintiff's request. Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. Based on a review of the briefs, supporting documentation, and the applicable law, the Court **GRANTS** Plaintiff's motion.

## II. BACKGROUND

On January 8, 2009, Plaintiff filed an application for Social Security Disability Insurance and Supplemental Security Income benefits with Defendant, alleging disability beginning on June 25, 1997, due to Meniere's disease, depression, anxiety disorder, vertigo, and back and neck problems. (Administrative Record ("A.R.") 26, 263, Dkt. No. 9.) Plaintiff's claim was denied at the initial level and again upon reconsideration. (*Id.* at 126-30, 131-35, 136-40.) On July 2, 2010, Plaintiff appeared with counsel and testified before an Administrative Law Judge ("ALJ"). (*Id.* at 47.) On July 30, 2010, the ALJ issued a written decision finding that Plaintiff was not entitled to disability benefits. (*Id.* at 26-38.) The ALJ's decision became the final decision of Defendant when the Appeals Council denied Plaintiff's request for a review of the decision on September 26, 2012. (*Id.* at 1-7.)

On November 2, 2012, Plaintiff and the Law Offices of Harry J. Binder and Charles E. Binder, PC ("Counsel") entered into a contingent fee agreement, providing that Counsel would receive 25% of Plaintiff's past due benefits if a district court appeal was successful. (Dkt. No. 24-3, Exh. A to Decl. of Manuel D. Serpa.)

On November 16, 2012, Plaintiff commenced the instant action seeking judicial review of Defendant's denial of her application for disability benefits. (Dkt. No. 1). On March 25, 2013, Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 11.) On April 19, 2013, Defendant filed a Cross-Motion for Summary Judgment. (Dkt. No. 13.) On January 24, 2014, the Magistrate Judge issued a Report recommending that Plaintiff's Motion for Summary Judgment be granted, Defendant's Cross-Motion for Summary Judgment be denied, and that the case be remanded for an award of benefits. (Dkt. No. 17.) On March 25, 2014, the Court adopted the Magistrate Judge's Report and entered judgment. (Dkt. Nos. 18-19.) On September 9, 2014, the Court granted Plaintiff's Motion to Amend under Rule 60(a) to correct a clerical oversight. (Dkt. No. 25.)

On May 13, 2014, the Court granted the parties' joint motion awarding Plaintiff

attorney's fees in the amount of $5,086.94 under the Equal Access to Justice Act ("EAJA") for the 27.2 hours expended by Counsel in prosecuting Plaintiff's claim in this Court. (Dkt. No. 21.) (Dkt. No. 24-4, Exh. B to Decl. of Manuel D. Serpa.)

In July 2014, Plaintiff's Counsel received a Notice of Award letter from the Social Security Administration which stated, among other things, that $17,835.75 was being withheld from Plaintiff's past-due benefits in the event that her representative moved the Court for attorney's fees, which represents 25% of those past-due benefits. (Dkt. No. 24-5, Exh. C to Decl. of Manuel D. Serpa.)

On September 9, 2014, Plaintiff filed the present Motion for Approval of Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Dkt. No. 24.) Plaintiff requests that the Court award Counsel $17,835.75, in accordance with the 25% contingent fee agreement. (*Id.*) Counsel concedes that the amount already awarded in attorney's fees under the EAJA, $5,086.94, would immediately be credited to Plaintiff. (*Id.* at 2-3, 5, 10.) (Dkt. No. 24-2 ¶ 9, Decl. of Manuel D. Serpa.) On October 17, 2014, Defendant filed a response. (Dkt. No. 27.) Defendant offers an analysis of the fee request to assist the Court, but takes no position on the reasonableness of the request.[1] (*Id.*) Plaintiff did not file a reply.

## III. DISCUSSION

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The reasonableness of

---

[1] Defendant notes that there was no proof that Plaintiff was properly served with the present motion. (Dkt. No. 27 at 2, 6.) Subsequently, on October 20, 2014, a proof of service of the motion on Plaintiff was filed. (Dkt. No. 28.)

1 | the requested fee award depends on "the character of the representation and the results
2 | the representative achieved." *Id*. at 808. "The court may properly reduce the fee for
3 | substandard performance, delay, or benefits that are not in proportion to the time spent
4 | on the case." *Crawford*, 586 F.3d at 1151. Any § 406 fee award must be offset by any
5 | award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535
6 | U.S. at 796.

7 |     Here, the Court finds Plaintiff's fee request reasonable. Plaintiff agreed to a
8 | 25% contingent fee award at the outset of the appeal, and nothing in the record
9 | suggests the agreement was reached by fraud or under duress. (Dkt. No. 24-3, Exh. A
10 | to Decl. of Manuel D. Serpa.) As such, the agreed 25% percent award is presumptively
11 | valid and subject to reduction only if and to the extent warranted by the character of the
12 | representation and the results achieved. *See Gisbrecht*, 535 U.S. at 807-08.

13 |     Neither the character of the representation nor the results achieved warrant
14 | reduction of the agreed award. *See id.* at 807. There is no evidence in the record
15 | suggesting that Counsel delayed the case or had substandard performance. *See*
16 | *Crawford*, 586 F.3d at 1151. Rather, Counsel fully litigated substantial cross-motions
17 | for summary judgment, and achieved complete reversal of Defendant's denial of
18 | benefits. (Dkt. Nos. 11, 13, 17, 18.) Moreover, the effectively hourly rate for
19 | Counsel's time – approximately $656 per hour for the 27.2 hours spent on Plaintiff's
20 | case at the district court level – is within the range of what other courts have found to
21 | be reasonable in similar social security cases. *See, e.g., Sproul v. Astrue*, 11-CV-1000-
22 | IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (awarding an effective
23 | hourly rate of roughly $800, and explaining that courts "loathe" penalizing counsel for
24 | efficient representation in cases such as this); *Hearn v. Barnhart*, 262 F. Supp. 2d
25 | 1033, 1036 (N.D. Cal. 2003) (reviewing cases with awards of effective hourly rates
26 | ranging from roughly $187 to $694, and awarding an effective hourly rate of $450).

27 |     Accordingly, based on the quality of Counsel's representation and the results
28 | achieved, the Court concludes that the fees sought pursuant to § 406(b) are reasonable.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1) the Court **GRANTS** Plaintiff's Motion for Approval of Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Dkt. No. 24.)

(2) Defendant is ordered to pay Counsel the sum of seventeen thousand eight hundred thirty-five dollars and seventy-five cents ($17,835.75). Upon receipt of those funds from Defendant, Counsel is ordered to reimburse Plaintiff the sum of five thousand eighty-six dollars and ninety-four cents ($5,086.94), the amount Defendant already paid to Counsel in EAJA fees.

(3) the Court hereby **VACATES** the hearing date set for this matter on November 21, 2014 at 1:30 p.m.

DATED: November 7, 2014

HON. GONZALO P. CURIEL
United States District Judge